OPINION
In 1994, appellant, Terri Anthony, and appellee, Loay Hamdan, began living together. In May of 1996, appellant gave birth to a girl who was given the name of Kayla Nicole Hamdan. In August of 1998, the parties separated. On August 31, 1998, appellant filed an application for change of name for Kayla, from Kayla Nicole Hamdan to Kayla Nicole Anthony. A hearing was held on July 21, 1999. By judgment entry filed July 27, 1999, the trial court noted paternity had been established finding appellee to be Kayla's father, and denied appellant's application. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FAILED TO FIND THE CHANGE OF THE CHILD'S NAME TO HER MOTHER'S SURNAME WAS IN THE CHILD'S BEST INTEREST.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FAILED TO FIND THE CHANGE OF THE CHILD'S NAME TO A HYPHENATED NAME INCLUDING HER MOTHER'S SURNAME AS WELL AS HER FATHER'S SURNAME WAS IN THE BEST INTEREST OF THE CHILD.
 I, II
Appellant claims the trial court erred in denying her application to change her child's surname to Anthony. Appellant also claims the trial court erred in denying her alternative request, to change her child's surname to a hyphenated surname to include both parents' surnames. We disagree. In Bobo v. Jewell (1988), 38 Ohio St.3d 330, paragraph two of the syllabus, the Supreme Court of Ohio held the following: In determining the best interest of the child concerning the surname to be used when parents who have never been married contest a surname, the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference of the child if the child is of an age and maturity to express a meaningful preference and any other factor relevant to the child's best interest. Courts should consider only those factors present in the particular circumstances of each case.
The standard by which appellate courts are to review said determinations was set forth by the Supreme Court of Ohio in Bobo at 334, and In re Willhitt (1999), 85 Ohio St.3d 28, 30, respectively: It is axiomatic that once the parent-child relationship has been established, this fact has a profound impact upon the relationship of the child with both parents. The issue of what name the child should bear arises from this newly recognized relationship. If the parents disagree, then the court must intercede on behalf of the child as a disinterested arbiter.
 the standard for deciding whether to permit a name change is `proof that * * * the facts set forth in the application show reasonable and proper cause for changing the name of the applicant.' R.C. 2717.01(A).
We note a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. In its judgment entry denying the application, the trial court did not make any specific findings on the issue of best interests. The trial court simply found the parents were never married, appellant assumed appellee's surname and listed appellee's surname as the child's surname on the child's birth certificate, and paternity was established finding appellee to be the child's father. The evidence established the parents lived together until appellant requested appellee to leave. T. at 4. Appellant made this request after appellee had put a gun to a man's head and threatened to kill him and appellant and her family if she told. T. at 5. In October of 1998, a civil protection order was issued against appellee. Appellant testified her reason for requesting the surname change was to thwart the possibility of appellee removing the child from the United States to Syria. T. at 8, 10, 13. Appellee is both a United States and Syrian citizen, but has resided in the United States for twenty years. T. at 32-33, 35. The child is registered in Syria and under Syrian law, a mother or woman cannot be the legal guardian of a child. T. at 11, 27. Appellant testified her number one concern was appellee's pledge to take the child away from her. T. at 32. Appellee has a mother and other family members living in Syria, and keeps in contact with these relatives. T. at 51-52. However, appellee has never returned to Syria since his immigration to the United States in 1978, and in fact did not even attend his father's funeral in Syria in 1989. T. at 60-61. Appellee currently lives with his brother and sister-in-law in Massillon, Ohio. T. at 59. He has been employed as an assistant manager at Save-A-Lot for the past year and a half. Id. At the time of the hearing, appellant was the residential parent of the child. T. at 7. Although appellant claimed to have been the sole provider for the child while appellee resided in the family home, she did concede appellee had provided some monies for food. T. at 23. Even though appellee was unemployed, he would sell cookies out of his car and sell whatever he could to Arab convenience stores. T. at 24. Appellee claimed he paid the food, electric, telephone, cable and half the rental bills. T. at 64. Appellee also claimed he cared for the child while appellant was working and he was not working. T. at 67-68. Appellee has paid no support for the child since leaving the family home. T. at 81, 83. At the time of the hearing, a custody case was pending in the Family Court. T. at 76. Appellee opined the name change would not be in the child's best interest because the child knows her last name is Hamdan, the same as his. T. at 76. Appellant stated at the very least, she would settle for a hyphenated surname for the child. T. at 14. The trial court, in ruling on the admission of the evidence, rejected appellant's Exhibit 2, the Syrian International Parental Abduction informational pamphlet as "not authenticated." T. at 90-92. The trial court was cognizant of the fact that the issues of custody and visitation were pending in the Family Court. T. at 88-89. We cannot find, given these facts and the stated reason for the name change request as fear of abduction, that the trial court erred in denying the application. Sufficient evidence was presented to establish appellee had a stable lifestyle in the United States and was seeking custody of the child. Further, there was no showing that any of the factors in Bobo had any bearing on the request for the name change. There was one overriding factor governing the name change request and that was the fear of abduction. This fear alone is not sufficient to satisfy the Bobo requirements when in fact the child is already registered in Syria and has the right to Syrian citizenship. We note the application for the surname change was not for a hyphenated name change but an absolute change. The trial court was not required to consider the hyphenated surname and we fail to find how a hyphenated surname would alleviate appellant's fears. Although we sympathize with appellant's concerns, the evidence presented supports the trial court's decision. Upon review, we find the trial court did not err in denying appellant's application for name change. Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed.
WISE, J. and EDWARDS, J. CONCUR.